NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHRI LAKSHMI COTSYN LTD, | : |

:     **Civil Action No.: 2:12-CV-01614**

**Plaintiff,**    :

:     **OPINION**

v.      :

:

HN INTERNATIONAL GROUP INC,    :

:

**Defendant.**    :

:

SALAS, DISTRICT JUDGE

## I.    Introduction

Pending before this Court is Defendant HN International Group Inc.'s ("Defendant") Motion to Dismiss and Compel Arbitration. (D.E. No. 17, Notice of Motion to Dismiss & Compel Arbitration ("Def. Mot.")). Plaintiff Shri Lakshmi Cotsyn LTD's ("Plaintiff") opposes the motion.[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The

---

[1] The procedural history of this case is unclear. Defendant filed its motion to dismiss and compel arbitration on June 29, 2012. (D.E. No. 17). On July 14, 2012, Plaintiff filed its opposition papers, including a brief and affidavits from Edward Antar, Anup Kumar Verma, and Rober Baier. (D.E. Nos. 18-23). On July 23, 2012, Defendant filed an affidavit in support of its motion with several exhibits. (D.E. No. 24). At this juncture, Defendant's motion was ripe. However, Plaintiff submitted a letter to the Clerk requesting "a 14-day extension of time in order to permit the submission of plaintiff's papers *in reply*." (D.E. No. 25). Although it is unclear, Plaintiff appears to have intended to request leave to file a sur-reply. The Court set a new briefing schedule for the filing of opposition and reply papers. (D.E. No. 26). On August 6, 2012, Plaintiff improperly filed affidavits by Anup Kumar Verma and Pawan Kumar Agarwal in opposition to Defendant's motion and mislabeled each affidavit as "Plaintiff's Reply Affidavit in Opposition to Motion to Dismiss." (D.E. Nos. 28-29). Per the Clerk of the Court's instructions, Plaintiff re-filed the two affidavits on August 7, 2012. (D.E. Nos. 30-31). This matter was then reassigned and reallocated from Judge Freda L. Wolfson in Trenton to this Court in Newark. (D.E. No. 32).

Court has considered the parties' submissions and now decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons below, Defendant's Motion to Dismiss and Compel Arbitration is **DENIED**.

## II.   Background

Plaintiff is a manufacturer of textiles based out of India.  (D.E. No. 1, Compl. ¶¶ 1-2).  Plaintiff alleges that Defendant purchased and received goods from Plaintiff for the amount of $535,582.65 and failed to pay for those goods.  (*Id.* ¶¶ 1, 14-15).  Defendant alleges, *inter alia*, that the goods it received were "defective and inferior products."  (D.E. No. 11, Ans. to Compl., With Affirmative Defenses; Countercl. ("Ans.") 5 ¶ 8).  Thus, Defendant alleges that Plaintiff breached its agreement and seeks "$799,655.77 in lost profit together with lawful interest, attorney fees and cost of suit."  (*Id.* 6).

Defendant filed a motion to dismiss and compel arbitration, alleging that a Master Vendor Agreement ("Agreement") signed by both parties contained an arbitration clause, which states:

> Any disagreement or dispute related to this Agreement which remains unsolved after good faith negotiations, shall be referred to and determined by arbitration under the Arbitration Act by a single arbitrator.

(Def. Mot. ¶ 2; D.E. No. 17-6, Ex. 7 ¶ 25).

Plaintiff, on the other hand, disputes ever having signed the Agreement.  (D.E. No. 21, Pl.'s Mem. in Opp. ("Pl. Opp. Memo.") 2).  Plaintiff alleges that it never entered into the Agreement proffered by Defendant, which was purportedly signed by a former employee Anup Kumar Verma.  *Id.*  Plaintiff offers two affidavits by Mr. Verma, stating that the signature on the Agreement does not belong to him.  (D.E. No. 19, Aff. of Anup Kumar Verma ("Verma's Aff.") ¶ 9; D.E. No. 30, Sur-reply Aff. of Anup Kumar Verma ("Verma's Sur-reply Aff.") ¶¶ 1-2).  Additionally, Plaintiff offers an affidavit from a handwriting expert who concluded that Mr.

Verma did not sign the Agreement.  (D.E. No. 20, Aff. of Robert Baier ("Baier's Aff.") ¶ 5).  Finally, Plaintiff submits an affidavit from its Joint Managing Director, Pawan Kumar Agarwal, which further states that the company did not enter into the Agreement with Defendant.  (D.E. No. 31, Sur-reply Aff. of Pawan Kumar Agarwal ("Agarwal Sur-reply Aff.") ¶¶ 2-3).

In its reply papers, Defendant contends that Nagesh Malik, President of HN International Group Inc., witnessed Mr. Verma's execution of the Agreement in India.  (D.E. No. 24, Aff. of Nagesh Malik ("Malik's Aff.") ¶¶ 2-3).  Defendant relies on exhibits that include, *inter alia*, emails between Defendant and Mr. Verma discussing the Agreement.  (D.E. No. 24).  Defendant furthers claims that Mr. Pawan Kumar Agarwal threatened Mr. Verma to recant that he signed the Master Vendor Agreement, which Mr. Verma denies.  (Malif Aff. ¶ 4; Verma's Sur-reply Aff. ¶ 1).

## III.    Discussion

### A.  Legal Standard

On a motion to dismiss and compel arbitration, the standard of review is the same as the "standard used by district courts in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56(c) . . . inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate."  *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980); *Basketball Mktg. Co. v. Urbanworks Entm't*, No. 04-3179, 2004 WL 2590506, at *3 (E.D. Pa. Nov. 10, 2004) (noting that summary judgment standard is appropriately applied to resolution of this issue).  The burden is on the moving party to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Basketball Mktg. Co.*, 2004 WL 2590506, at *3.  "[W]hen considering a motion to compel arbitration which is opposed on

the ground that no agreement to arbitrate had been made between the parties, [the court] should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Par-Knit Mills, Inc.*, 636 F.2d at 54. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56 (c)).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, permits district courts to issue orders to compel arbitration. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "The FAA establishes a strong federal policy in favor of compelling arbitration over litigation." *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). "The presumption in favor of arbitration carries 'special force' when international commerce is involved." *Id.* Still, "the District Court [must] . . . first determine if there was indeed an arrangement to arbitrate." *Id.* at 105. If a district court finds that the parties did not enter into a valid agreement to arbitrate, the court must retain jurisdiction over the case. *Id.* at 107.

**B.  Analysis**

Defendant seeks an order dismissing the case in favor of arbitration. (Def. Mot. 1). Plaintiff argues that Defendant's motion to dismiss and compel arbitration should be denied because the signature on the Agreement does not actually belong to Mr. Verma. (Pl. Opp. Memo. 2). Plaintiff offers, *inter alia*, evidence from a handwriting expert, verifying that the

4

signature on the Agreement does not belong to Mr. Verma. (*Id.*). Thus, Plaintiff concludes that its "submission raises a triable issue of fact as to whether the Agreement is enforceable against the plaintiff." (*Id.* 3).

Where a party challenges the enforceability of an arbitration agreement, the United States Supreme Court has held that a district court may only hear "an issue which goes to the 'making' of the agreement to arbitrate[,] . . . [b]ut the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract *generally*." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (emphasis added); *Audio Video Ctr., Inc. v. First Union Nat'l Bank*, 84 F. Supp. 2d 624, 626 (E.D. Pa. 2000). Thus, courts "must defer to the arbitrator except where the alleged fraud was directed specifically to the arbitration clause itself, rather than generally to the contract of which the arbitration clause is merely a part." *Audio Video Ctr., Inc.*, 84 F. Supp. 2d at 626.

This circuit has "draw[n] a distinction[, however] between contracts that are asserted to be 'void' or non-existent, as is contended here, and those that are merely 'voidable,' as was the contract at issue in *Prima Paint,* for purposes of evaluating whether the making of an arbitration agreement is in dispute." *Sandvik AB*, 220 F.3d at 107. If a contract itself is void, then so is the agreement to arbitration. *Id.* The Court will not refer a "matter to arbitrators without a definitive conclusion on the issue whether an agreement to arbitrate actually existed." *Id.* at 111.

> A voidable contract is one in which a party has the power, "by a manifestation of election to do so," either to disaffirm the agreement, avoiding the legal duties imposed by it, or to ratify the agreement, mandating performance of the contractual obligations by both parties.
>
> * * * *
>
> In contrast, a declaration that a contract is void nullifies all aspects of the agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions.

* * * *

Thus, the FAA mandates enforcement of arbitration provisions in all but two circumstances: (1) *when a party alleges that the contract as a whole is void ab initio for any reason*, or (2) when a party alleges that the arbitration clause itself is voidable for reasons related specifically to the arbitration clause.

*Bertram v. Beneficial Consumer Disc. Co.*, 286 F. Supp. 2d 453, 458 (M.D. Pa. 2003) (noting that "[v]oid contracts generally arise in cases of forgery of a party's name or unauthorized execution of an agreement on behalf of another party") (citing Restatement of Contracts (2d) § 7 & cmt. a (1981)) (emphasis added & footnotes omitted).

Indeed, many other circuits have followed this approach.  *See, e.g.*, *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 219 (5th Cir. 2003) ("We therefore conclude that where a party attacks the very existence of an agreement, as opposed to its continued validity or enforcement, the courts must first resolve that dispute."); *Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 591 (7th Cir. 2001) (distinguishing cases of fraud in inducement like in *Prima Paint* from instances where agent who signed the contract lacked authority to bind the party); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.,* 925 F.2d 1136, 1144 (9th Cir. 1991) (stating that "district court must first determine whether the signatory had authority to bind the other plaintiffs to the agreements containing the arbitration clauses").

Here, Plaintiff alleges that it never signed the Agreement and argues that the contract itself is void.  (Pl. Opp. Memo. 2).  Unlike *Prima Paint*, where the plaintiff claimed it had been fraudulently induced into signing the contract, 388 U.S. at 406, Plaintiff here alleges that no contract existed between the parties in the first place.  Accordingly, this case involves a question of whether the contract as a whole is "void," not whether it is "voidable."  Because the dispute

involves a question of the validity of the Agreement entirely and an issue of material fact exists, this Court must deny Defendant's Motion to Dismiss and Compel Arbitration.

**IV.     Conclusion**

For these reasons, the Defendant's Motion to Dismiss and Compel Arbitration is DENIED.  An appropriate order shall accompany this opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**